IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

FILED
U.S. DISTRICT COURT
GEORGIA
06 SEP 29 PM 3:49
DEPUTY CLERK

CHRISTOPHER MICHAEL GOODWIN, :
:
Plaintiff :
:
VS. :
:
CORDELE JUDICIAL CIRCUIT, : NO. 1:06-cv-124 (WLS)
:
Defendant : **ORDER**

Plaintiff **CHRISTOPHER MICHAEL GOODWIN**, a prisoner at McEver Probation Detention Center in Perry, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. *STANDARD OF REVIEW*

### A. *28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## *II. BACKGROUND*

Plaintiff's complaint is unclear, but on an unspecified date, plaintiff, while on both probation and parole, was arrested and charged with obstruction of an officer and simple battery. The prosecuting attorney offered, and plaintiff accepted, a plea offer, which a judge later rejected. As part of the sentence that he is now serving, plaintiff was banished from the Cordele Judicial Circuit. Plaintiff names as his sole defendant the Cordele Judicial Circuit.

Plaintiff seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1361 to force the Cordele Judicial Circuit to "lift the banishment order" so plaintiff can return to his family in Ben Hill County, Georgia, and "successfully complete the remainder of time on probation."

## III. DISCUSSION

Initially, the Court notes that the Cordele Judicial Circuit is not a "person" who may be sued in an action brought under section 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); *see also **Mumford v. Zieba***, 4 F.3d 429, 435 (6th Cir.1993) (holding that a state court is not a "person" under section 1983).

To the extent that plaintiff asks this Court to force Cordele court officials to vacate the banishment order, such request is in the nature of mandamus. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Cordele court officials are not officers or employees of the United States or any agency; as such, this Court has no jurisdiction to force said officials to act on plaintiff's behalf. *See **Moye v. Clerk, DeKalb County Superior Court***, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."). Thus, this Court has no authority to grant any such request of plaintiff.

Insofar as this Court could construe plaintiff's complaint as to challenge his sentence, claims attacking the legality of a prisoner's sentence must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a section 1983 action. ***See Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973).

## III. CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 29th day of September, 2006.

W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT